UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ZAHIRAH MEDINA,

                              Plaintiff,

  -against-

THE CITY OF NEW YORK, GORDON'S AUTO SALES, LLC, New York City Police Department Officer CHRISTOPHER WINTERMUTE Shield No. 3805, and Police Officers JOHN DOES 1, 2, 3, etc. (the name John Doe being fictitious as the true names of said officers are currently not known), all of whom are sued in their individual capacities.

                              Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------- X

Plaintiff Zahirah Medina, by her attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the Defendants alleges as follows:

**PRELIMINARY STATEMENT**

1. This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries Plaintiff suffered from the unconstitutional conduct of Defendants the City of New York, Gordon's Auto Sales, LLC, New York City Police Department ("NYPD") Police Officer Christopher Wintermute, Shield No. 3805, and John Does 1, 2, 3 etc.

2. Plaintiff seeks redress for the emotional and economic damages she suffered when she was unlawfully arrested and detained. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the Defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled

constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of her claims for which a jury trial is legally available.

## PARTIES

7. Plaintiff Zahirah Medina is a citizen of the United States and the State of New Jersey.  At all times relevant to this complaint, Ms. Medina was a resident of the State of New Jersey, the City of Newark, and the County of Essex.

8. Gordon Auto Sales LLC ("Dealership") is a business incorporated under the laws of Georgia with its principle place of business in Fayetteville, Georgia.

9. Defendant the City of New York ("City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It has all the

powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD. At all relevant times herein, it was the employer of the individually-named defendants.

10. New York City Police Department Officer ("P.O.") Christopher Wintermute, Shield No. 3805, and P.O. John Does 1, 2, 3, etc. (referred to collectively as the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

12. The Individual Defendants are being sued in their individual capacities.

13. The Individual Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Plaintiff's rights.

14. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15. The true name and shield number of the John Doe Defendants are not currently known to the Plaintiff. However, they were employees or agents of the City of New York on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said individuals as Defendants in an amended pleading once the true names and shield numbers of said Defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

16. In the summer of 2018, Zahirah Medina was employed at Newark Airport and was also in the process of securing a second job at Community Access Unlimited, a non-profit that serves people with disabilities and at-risk youth.

17. On or about July 2018, Plaintiff purchase a new car from a branch of Gordon's Auto Sales, LLC ("Dealership") located in Queens, New York.

18. The Dealership gave Ms. Medina a temporary dealership license plate that was valid for ten (10) days.

19. As the dealership had its principle place of business in Georgia, the temporary plate was a Georgia plate.

20. Plaintiff had no reason to believe there were any errors or discrepancies in the plates, registration, and VIN number.

21. On August 3, 2018, Plaintiff drove from Queens to Manhattan.

22. At approximately 8:00 p.m., Plaintiff was sitting in the driver's seat of her parked car at or around 5th Avenue and 121st Street.

23. Two uniformed NYPD officers approached Plaintiff's vehicle.

24. One officer approached the driver's side of the vehicle and asked Plaintiff for her license and registration.

25. Plaintiff provided both her license and registration.

26. The officer left the side of the vehicle with Plaintiff's license and registration

27. When the officer returned, he asked to see the VIN number on the vehicle.

28. The officer checked the VIN number on the windshield of Plaintiff's car and then told Plaintiff that the VIN number and the registration did not match.

29. Plaintiff told the officer that there must be some mistake.

30. The officer then asked Plaintiff to open the driver's side door to check the VIN number on the inside of the door.

31. Plaintiff opened the driver side door.

32. The officer checked the VIN number on the inside of the door and said that the VIN number still did not match the registration.

33. Approximately two more police vehicles arrived.

34. Plaintiff used her phone to try to reach the dealership to confirm that she had just purchased the car and that there must be some mistake.

35. Before she was able to reach the dealership, an officer instructed Plaintiff to get off her phone and to remove herself from the vehicle.

36. Plaintiff hung up the phone and exited her vehicle.

37. Plaintiff was placed in handcuffs, and she and her vehicle were searched.

38. Plaintiff was placed in a police car and taken to the 32nd Precinct.

39. Plaintiff's belongings, including, *inter alia,* her phone and wallet were vouchered.

40. Plaintiff requested a phone call but was not given a phone call.

41. Had Plaintiff be given a phone, she would have potentially been able to confirm with the dealership that it had in fact made a mistake in the registration and temporary plates that caused the VIN number not to match.

42. Plaintiff remained in a 32nd Precinct holding cell for approximate three hours and was then taken to Central Booking where she was fingerprinted and booked.

43. Plaintiff remained in custody at Central Booking until the afternoon of August 4th, 2019.

44. Plaintiff was eventually charged with four counts of Criminal Possession of a Forged Instrument in the Third Degree, PL § 170.20.

45. Plaintiff had no knowledge that she was in possession of any forged instruments and had no reason to believe she was in possession of forged instruments.

46. Plaintiff was released on her own recognizance at approximate 3:00 p.m. the next day, August 5th, 2018.

47. Plaintiff's car was impounded for approximately four days.

48. As a result of her arrest, Plaintiff was suspended from her employment at Newark Airport after she was denied access to the facilities by an automated scan of her record.

49. As a result of her arrest, Plaintiff was unable to pass a pre-hire background check conducted by the employer she would have begun work for in October 2019.

50. Plaintiff appeared in court approximately four times to resolve the charges against her.

51. At her last appearance on October 30, 2018, Plaintiff provided a notarized statement from the dealership that the VIN number and registration did not match due to an error by the dealership.

52. The charges against Plaintiff were based on the false statements of P.O. Christopher Wintermute that Ms. Medina "uttered and possessed a forged instrument with knowledge that the instrument was forged and with intent to defraud, deceive and injure another." Officer Wintermute knew these statements were false and knowingly forwarded them to prosecutors, causing Plaintiff's deprivation.

53. The charges against Plaintiff were dismissed and the case terminated in her favor.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

54. Plaintiff served a Notice of Claim upon the City of New York within ninety days of the events giving rise to her claim.

55. On July 24, 2019, Plaintiff attended an examination in accordance with New York General Municipal Law § 50-h.

56. More than thirty days have elapsed since Plaintiff served her Notice of Claim and the City has not offered adjustment or payment of her claim.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983
## Violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment Rights

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

58. In committing the acts and omissions complained of herein, the P.O. Wintermute and John Does 1, 2 ,3 etc. ("Individual Defendants") acted under color of state law to deprive

Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a.    the right to be free from unreasonable search and seizure;

    b.    the right to be free from arrest without probable cause;

    c.    the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which he did not consent;

    d.    the right to be free from the lodging of false criminal charges against her by police officers and denial of her fair trial rights;

    e.    the right to equal protection, privileges, and immunities under the laws;

    f.    the right to be free from being maliciously prosecuted.

59. In committing the acts and omissions complained of herein, the Individual Defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

60. As a direct and proximate result of the Individual Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

61. The unlawful conduct of the Individual Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
**Denial of Due Process**
**Fifth and Fourteenth Amendments Through U.S.C. § 1983**

62. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63. CPL § 140.20(7) states as follows:

> Upon arresting a person, other than a juvenile offender, for any offense without a warrant, a police office shall, upon the arrested person's request, permit him or her to communicate by telephone

>provided by the law enforcement facility where the defendant is held to a phone number located in the United States or Puerto Rica, for the purposes of obtaining counsel and informing a relative or friend that he or she has been arrested, unless granting the call will compromise an ongoing investigation or the prosecution of the defendant.

CPL § 140.20(7).

64. By placing substantive limitations on an officer's discretion pertaining to telephone calls, the State of New York has created a protected liberty interest in an arrestee's right to communicate with the outside world.

65. Nevertheless, the Individual Defendants denied Plaintiff access to a telephone despite her request, resulting in a substantial delay in Plaintiff's release from custody. This delay is manifestly unjust given the mandatory language in the statute and given the foreseeability that the delay would result in the harms which the statute sought to prevent.

66. Here, no reasonable officer could have believed that allowing Plaintiff to make a phone call upon request would "compromise an ongoing investigation or prosecution" of Plaintiff.

67. Further, even if an officer actually did believe that allow Plaintiff to make a phone call would "compromise an ongoing investigation or prosecution" Plaintiff was not given a pre-deprivation or post-deprivation hear to contest that finding.

68. Moreover, to the extent there is an NYPD policy, practice or custom that only an arrestee's actual arresting officer can allow that arrestee to use the telephone, that policy, practice or custom directly caused the officer-defendants to violate the plain language of NYCPL § 140.20(7), thereby depriving Plaintiff of her due process rights.

69. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION
### Malicious Prosecution

70. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. A criminal proceeding was commenced against Plaintiff in Criminal Court of the City of New York.

72. The proceeding was initiated based on false allegations by Defendant Wintermute, which Defendant Wintermute included in the criminal complaint.

73. The criminal proceeding was terminated in Plaintiff's favor when the charges against her were dismissed.

74. There was no probable cause for any of the charges brought against Plaintiff.

75. Defendant Wintermute committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

76. The City is vicariously liable for the conduct of the Individual Defendants as set forth herein.

## FOURTH CAUSE OF ACTION
### False Arrest and False Imprisonment Under State Law

77. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

78. Defendants, through the foregoing acts, caused Plaintiff to be wrongfully detained and arrested without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which he did not consent.

79. Individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

80. At all relevant times, the Individual Defendants were employees of the City and were acting within the scope of their employment.

81. Defendant City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of the Individual Defendants set forth herein.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

82. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

83. The Individual Defendants, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

84. The Individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

85. At all relevant times, the Individual Defendants were employees of the City and were acting within the scope of their employment.

86. Defendant City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of the Individual Defendants set forth herein.

## SIXTH CAUSE OF ACTION
### Negligence

87. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

88. The Individual Defendants owed Plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

89. The Individual Defendants, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

90. Gordon Auto Sales, LLC owed Plaintiff a duty of care, including the duty to exercise due care in the course of issuing documents and license plates to Plaintiff and ensuring their accuracy.

91. Gordon Auto Sales, LLC, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they issued to Plaintiff inaccurate documents that caused her to be arrested when the NYPD inspected those documents.

92. All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of the injuries to Plaintiff.

93. At all relevant times, the Individual Defendants were employees of the City and were acting within the scope of their employment.

94. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of the Individual Defendants set forth herein.

## SEVENTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision Under State Law

95. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

96. Defendant City is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the NYPD with regard to their aforementioned duties.

## EIGHTH CAUSE OF ACTION
### Violations of the New York State Constitution

97. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

98. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 11, and 12, and including the following rights:

  a. freedom from unreasonable search and seizure of his person and property;

  b. freedom from arrest without probable cause;

  c. freedom from use of excessive force;

  d. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention Plaintiff was aware and did not consent;

  e. freedom from the lodging of false charges against her by police officers and prosecutors, including on information and belief, by some or all of the Individual Defendants and;

  f. the right to equal protection under the laws.

99. As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth above.

100. At all relevant times, the Individual Defendants were employees of the City and were acting within the scope of their employment.

101. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of the Individual Defendants set forth herein.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages from the Defendants to the extent allowable by law;

(c)     attorney's fees;

(d)     the costs and disbursements of this action;

(e)     interest; and

(f)     such other and further relief as this Court deems just and proper.

Dated: January 29, 2020
       New York, New York

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN LLP

By:_____
David B. Rankin
Marc Arena
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400
drankin@blhny.com

*Attorneys for Plaintiff Zahirah Medina*