



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/2020
```

**T**HE **C**ITY OF **N**EW **Y**ORK

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-137
NEW YORK, NY 10007

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
Phone: (212) 356-3541
Fax: (212) 356-3509
gmartine@law.nyc.gov

April 3, 2020

**BY ECF**
Honorable Judge Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Zahirah Medina v. City of New York, et al.</u>,
               20 Civ. 797 (VEC)

Your Honor:

      I am an Assistant Corporation Counsel assigned to the defense of the City of New York ("City") in the above-referenced matter. I write to request a 90 day enlargement of time for the City to respond to the Complaint, from April 24, 2020, until July 24, 2020. Further, the City also requests that the Court will apply this enlargement *sua sponte* to the named defendant, Officer Christopher Wintermute. No enlargement request is being made for Officer Wintermute, as this Office has not yet been able to determine whether it is capable of representing him. Additionally, the City requests an adjournment of the Initial Conference, currently set for May 1, 2020 at 10:00 a.m., to a date convenient to the Court after July 24, 2020. This is the City's second request for an enlargement of time and to adjourn the Initial Conference, and plaintiff's counsel consents to both requests.

      The reason this application is necessary is because plaintiff has not provided defendant with the proper releases, so that defendant may investigate the allegations in the Complaint. Pursuant to Local Rule 83.10 of the Southern District of New York, plaintiff must serve with the Complaint a release for plaintiff's criminal records, pursuant to N.Y. C.P.L. § 160.50, or defendants' obligation to answer is tolled until such time as the release is served. This matter is

not proceeding pursuant to Local Rule 83.10, because plaintiff is also suing a non-City entity as well as the City of New York and certain NYPD officers.[1]

Therefore, an enlargement is necessary as, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City needs time to investigate the allegations of the Complaint. In the Complaint, plaintiff alleges that she was falsely arrested and imprisoned, and that the arrest charges were dismissed. Accordingly, all records associated with the incident alleged in the Complaint would be sealed pursuant to N.Y. C.P.L. § 160.50; consequently, this Office forwarded to plaintiff the appropriate release for such sealed records on February 11, 2020, and again on February 25, 2020.  This executed release is necessary so that we may obtain the police and district attorney files associated with the alleged incident. While plaintiff's counsel acknowledged receipt of the sent releases by this Office, I was informed on April 2, 2020, that plaintiff has not been able to complete the releases due to the statewide shutdown caused by the coronavirus pandemic.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic.  On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation.  On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable.  Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines.  On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses.

Due to the pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[1] As of the date of this letter motion, plaintiff has not served the non-City entity, Gordon's Auto.

In light of the foregoing, plaintiff is unlikely to be able to get properly executed and notarized releases to defendants before this period of social isolation has passed. As a result, defendants will not be able to complete their investigation into the incident until this period is over as well. Accordingly, the City respectfully requests that the Court extend all defendants' time to respond to the Complaint from April 24, 2020, until July 24, 2020, and adjourn the Initial Conference, currently scheduled for May 1, 2020 at 10:00 a.m., to a date convenient to the Court after July 24, 2020.

Thank you for your consideration herein.

> Respectfully submitted,
>
> /s/ *Giancarlo Martinez*
>
> Giancarlo Martinez
> *Assistant Corporation Counsel*
> Special Federal Litigation Division

cc:   All Counsel of Record (via ECF)

> Application GRANTED.  Defendants' time to respond to the complaint is extended to **July 24, 2020**.  The initial pretrial conference is adjourned to **July 31, 2020 at 10:00 a.m.**  The parties' joint submission are due by **July 23, 2020.**

SO ORDERED.

*Valerie Caproni*      4/3/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3