USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ZAHIRAH MEDINA,    :
                                      Plaintiff,    :
                                               :
                    -against-    :
                                               :    20-CV-0797 (VEC)
THE CITY OF NEW YORK, GORDON'S AUTO     :
SALES, LLC, New York City Police Department    :    OPINION AND ORDER
Officer CHRISTOPHER WINTERMUTE Shield    :
No. 3805, and Police Officers JOHN DOES 1, 2, 3, :
etc. (the name John Doe being fictitious as the true    :
names of said officers are currently not known), all    :
of whom are sued in their individual capacities,    :
                                               :
                                   Defendants.    :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      This case stems from Plaintiff's arrest for criminal possession of a forged instrument in the third degree. Plaintiff alleges that she was unlawfully arrested and prosecuted after New York Police Department ("NYPD") officers discovered, unbeknownst to Plaintiff, that the Vehicle Identification Number ("VIN") on her car registration did not match the VIN on her vehicle. Plaintiff brings this case pursuant to 42 U.S.C. § 1983 against the City of New York and Officer Wintermute ("Defendants") for violations of her constitutional rights.[1] Specifically, Plaintiff asserts claims for false arrest, malicious prosecution, denial of the right to a fair trial, and deprivation of due process. Complaint, Dkt. 1 ("Compl.") ¶¶ 57–81. Plaintiff also asserts state law claims for intentional infliction of emotional distress, negligence, negligent hiring, training, and supervision, and violations of the New York State Constitution. *Id.* ¶¶ 82–101.

---

[1] The Court entered default judgment against Gordon's Auto Sales, LLC on January 15, 2021. Dkt. 52. Any reference herein to "Defendants" refers only to The City of New York and Officer Wintermute.

Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 30. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND[2]

In July 2018, Plaintiff purchased a car from Gordon's Auto Sales, LLC ("the dealership") in Queens, New York. Compl. ¶ 17. The dealership gave Plaintiff temporary Georgia license plates that were valid for ten days. *Id.* ¶ 18. On August 3, 2018, Plaintiff was sitting in the driver's seat of her parked car when two uniformed NYPD officers approached and asked to see her license and registration. *Id.* ¶¶ 21-24. After examining Plaintiff's registration, Officer Wintermute asked to see the Vehicle Identification Number ("VIN") on the windshield and on the inside door of Plaintiff's car. *Id.* ¶¶ 26-30. Officer Wintermute informed Plaintiff that the VIN on the windshield and inside door of Plaintiff's car did not match the VIN on the registration she had provided. *Id.* ¶¶ 28-32. Plaintiff expressed surprise that the numbers did not match and began to call the dealership to confirm that she had recently purchased the car. *Id.* ¶¶ 29, 34. Before Plaintiff was able to reach the dealership, an officer instructed her to hang up the telephone and step out of the car. *Id.* ¶ 35. Plaintiff was arrested and taken to the 32nd Precinct; Plaintiff was later taken to Central Booking where she remained until the following afternoon.[3] *Id.* ¶¶ 38, 42-43. Plaintiff was ultimately charged with four counts of criminal possession of a

---

[2] The facts as alleged in the Complaint are accepted as true for purposes of deciding Defendants' motion. *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009).

[3] The Complaint contains several inaccuracies and inconsistencies. First, the Complaint alleges that Plaintiff "remained in custody at Central Booking until the afternoon of August 4th, *2019*." Compl. ¶ 43 (emphasis added). Both parties' briefs, however, state that Plaintiff was detained at Central Booking until August 4, *2018* and that charges were ultimately dismissed on October 30, 2018. Def. Mem. of Law, Dkt. 32 at 2; Pl. Opp., Dkt. 40 at 2. Accordingly, the Court assumes that Plaintiff's allegation that she was detained until "August 4, *2019*" is a typo.

Moreover, three paragraphs following her allegation that she was detained at Central Booking until August 4, 2019, which the Court assumes was meant to be "August 4, 2018," Plaintiff alleges that she "was released on her own recognizance" on "August 5, 2018." Compl. ¶ 46. Neither the Complaint nor Plaintiff's opposition to Defendants' motion clarifies whether Plaintiff was released from custody on August 4 or August 5, 2018.

forged instrument in the third degree in violation of New York Penal Law § 170.20. *Id*. ¶ 44. Plaintiff appeared in court four times; at her final appearance on October 30, 2018, Plaintiff produced a notarized statement from the dealership stating that the incorrect VIN on the registration was due to an error by the dealership. *Id*. ¶¶ 50-51. All charges against Plaintiff were ultimately dismissed. *Id*. ¶ 53.

As a result of her arrest, Plaintiff alleges that she was suspended from her employment at Newark Airport and failed a pre-hire background check conducted by a prospective employer. *Id*. ¶¶ 48-49.

## DISCUSSION

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir. 2001). "To survive a Rule 12(c) motion, [plaintiff's] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson v. Rowley,* 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009)) (internal quotation marks and citation omitted). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor. *Id.* On a motion for judgment on the pleadings, the Court typically cannot consider material outside of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

3

shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege that the defendants deprived her of a right "secured by the Constitution or laws of the United States," and that they did so "under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Here, Plaintiff asserts claims for false arrest, malicious prosecution, denial of the right to a fair trial, and denial of due process in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments. The Court will examine each of Plaintiff's claims in turn.[4]

### A. False Arrest

A Section 1983 claim for false arrest "derives from [the] Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." *Jaegly v. Couch,* 439 F.3d 149, 151 (2d Cir. 2006). Claims for false arrest brought under Section 1983 "are 'substantially the same' as claims for false arrest . . . under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quoting *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996)). To state a claim for false arrest under New York law, a plaintiff must allege: (i) she was conscious of her confinement; (ii) she did not consent to the

---

[4] The Court will rely exclusively on the Complaint and will not consider the portions of Plaintiff's sworn testimony pursuant to New York General Municipal Law Section 50(h) that were attached to Defendants' answer. *See* Dkt. 24. *See Prevost v. City of New York*, No. 13-CV-3760, 2014 WL 6907560, at *2 (S.D.N.Y. Dec. 9, 2014) ("District courts in this circuit regularly decline to consider 50–h Transcripts submitted in support of or in opposition to a motion to dismiss, even if neither party objects."); *Beck v. City of New York,* No 12–CV–9231, 2014 WL 80544, at *3 n. 4 (S.D.N.Y. Jan. 3, 2014) (declining to consider a 50–h Transcript when the plaintiff referred to the hearing in her complaint but did not annex any portion of the testimony); *Fontanez v. Skepple,* No. 12–CV–1582, 2013 WL 842600, at *3 (S.D.N.Y. Mar. 6, 2013), *aff'd,* 563 F. App'x 847 (2d Cir. 2014) (declining to consider a 50–h Transcript because only the defendants relied on the transcript).

confinement; (iii) defendants intended the confinement; and (iv) the confinement was not otherwise privileged. *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

Probable cause is a complete defense to an action for false arrest under New York law or Section 1983. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). An officer has probable cause to arrest when he has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). Probable cause is determined from the perspective of the arresting officer at the time of arrest. *Ackerson*, 702 F.3d at 19. Probable cause can exist "even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994). Once a police officer has a reasonable basis to believe that he has probable cause to arrest a suspect, the officer is not required to "explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Garcia v. Does*, 779 F.3d 84, 93 (2d Cir. 2014) (quoting *Curley v. Vill. of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001)); *Panetta v. Crowley*, 460 F.3d 388, 395–96 (2d Cir. 2006) (explaining that "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.").

An officer may have probable cause to arrest a suspect "even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial." *McGuire v. City of New York*, 142 F. App'x 1, 3 (2d Cir. 2005); *see also Smith v. DeGirolamo*, No. 17-CV-5532, 2020 WL 5752226, at *7 (E.D.N.Y. Sept. 25, 2020) (holding that because probable cause "does not require direct evidence of a suspect's state of mind," whether the suspect "actually knew [that he possessed a forged driver's license,] or intended to use the license for fraudulent ends, [was] plainly irrelevant to the probable cause assessment."); *Soomro*

*v. City of New York,* 174 F. Supp. 3d 806, 813 (S.D.N.Y. 2016) (noting that "the probable cause inquiry is an objective one that does not depend on the arresting officer's knowledge of Plaintiff's subjective state of mind.").

Here, Officer Wintermute had probable cause to arrest Plaintiff for possession of a forged instrument in the third degree. A person is guilty of criminal possession of a forged instrument in the third degree when, "with knowledge that it is forged and with intent to defraud, deceive or injure another, [s]he utters or possesses a forged instrument." N.Y. Pen. L. § 170.20. A "forged instrument" is, in turn, defined to be "a written instrument which has been falsely made, completed or altered." N.Y. Pen. L. § 170.00(7). Plaintiff concedes that the VIN on her registration did not match the VIN on her vehicle. Compl. ¶¶ 28, 32, 51. Accordingly, it was reasonable for Defendant to believe that Plaintiff possessed a forged registration. Plaintiff's argument that Officer Wintermute lacked probable cause because he had no evidence that Plaintiff herself *knew* that the registration was forged is unavailing. *McGuire,* 142 F. App'x at 3 (holding that probable cause can exist "even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial" because of "the practical realization that an officer frequently has no reason to know at the time he observes a person engaged in proscribed conduct what is in the person's mind.") (internal quotation marks omitted); *Smith v. DeGirolamo*, 2020 WL 5752226 at *7 (holding that defendant officer had probable cause to arrest plaintiff for possession of a forged license in the second degree, even though prosecutors would ultimately have to prove that plaintiff knew the license was forged and intended to use to it defraud, in order to convict him); *Johnston v. Port Auth. of New York & New Jersey*, No. 09-CV-4432, 2011 WL 3235760, at *10 (E.D.N.Y. July 28, 2011) (finding probable cause to arrest plaintiff for possession of a forged identification card in violation of N.Y. Pen. L § 170.20, notwithstanding lack of evidence of his intent to use the identification in an unlawful

manner); *Thompson v. City of New York*, 70 N.Y.S.3d 830 (1st Dep't 2018) (holding that arresting officer had probable cause to arrest plaintiff for criminal possession of a forged instrument in the third degree and noting that it was "not necessary for the police to show that plaintiff had the intent necessary" to secure a conviction).

Plaintiff's argument that Defendant ignored her explanation for the mismatch between the VIN on the registration and the VIN on the vehicle does not change the analysis. Although Plaintiff argues that "Defendants can point to no indication of criminality that would counter Plaintiff's assertion that there must have been a mistake," Pl. Opp., Dkt. 40 at 11, Officer Wintermute "was neither compelled to accept [Plaintiff's] assertions at face value, nor to investigate them." *Jocks*, 316 F.3d at 136; *Panetta*, 460 F.3d at 398 (explaining that once an officer has probable cause, he is not required "to continue investigating, sifting and weighing information."); *United States v. Fama,* 758 F.2d 834, 838 (2d Cir. 1985) (noting that the fact that a suspect's "innocent explanation may be consistent with the facts alleged [] does not negate probable cause" to arrest); *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 265 (S.D.N.Y. 2013) (noting that "probable cause is not eliminated [] by the mere existence of evidence that could permit a conclusion of innocence."); *Golodner v. City of New London,* No. 08-CV-1319, 2010 WL 3522489, at *7 (D. Conn. Sept. 1, 2010), *aff'd*, 510 F. App'x 59 (2d Cir. 2013) (noting that "failing to provide an arrestee with the opportunity to present his exculpatory evidence does not undermine a probable cause determination").

In sum, because Officer Wintermute had probable cause to arrest Plaintiff for possession of a forged instrument in the third degree,[5] Plaintiff's false arrest claim cannot stand.

---

[5] The Court will not address whether Officer Wintermute had probable cause to arrest Plaintiff for possession of a forged instrument in the second degree in violation of N.Y. Pen. L § 170.25 or for violation of Section 4-08(e)(2) of the New York City Department of Transportation Traffic Rules, *see* Def Mem. of Law, Dkt. 32 at 6-7, because the Complaint alleges only that Plaintiff was arrested and charged with four counts of possession of a forged instrument in the third degree in violation of N.Y. Pen. L § 170.20. Compl. ¶ 44; Pl. Opp., Dkt. 40 at 9.

### B. Malicious Prosecution

The elements of a claim for malicious prosecution brought under Section 1983 are determined by state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). To state a claim for malicious prosecution under New York law, a plaintiff must allege: "(1) the initiation or continuation of a criminal proceeding against [her]; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks*, 316 F.3d at 136 (quoting *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir. 1997)).

As with a claim of false arrest, the "existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino*, 331 F.3d at 75. In evaluating whether there was probable cause to commence prosecution, the Court must consider the information that existed at the time the prosecution was initiated. *Rounseville v, Zahl*, 13 F.3d 625, 630 (2d Cir. 1994). "A finding of probable cause supporting an arrest defeats a malicious prosecution claim unless plaintiff can demonstrate that at some point subsequent to the arrest, additional facts came to light that negated probable cause." *Dukes v. City of New York*, 879 F. Supp. 335, 342 (S.D.N.Y. 1995); *see also Smith v. Tobon,* 529 F. App'x 36, 38 (2d Cir. 2013) ("Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and the initiation of the prosecution, 'the groundless nature of the charges [is] made apparent by the discovery of some intervening fact.'") (quoting *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 571 (2d Cir. 1996)).

The fact that Officer Wintermute had probable cause to arrest Ms. Medina defeats her malicious prosecution claim. Plaintiff has failed to allege that any additional facts came to light between her arrest and the initiation of prosecution that negated probable cause; Plaintiff did not produce the notarized document indicating that the incorrect VIN on the registration was the

dealership's error until almost three months *after* her arrest and the initiation of prosecution. Compl. ¶ 51. In other words, because there was probable cause to commence prosecution, Plaintiff's malicious prosecution claim necessarily fails. *Powell v. Murphy*, 593 F. App'x 25, 28 (2d Cir. 2014) (dismissing plaintiff's malicious prosecution claim and reasoning that "where, as here, probable cause to arrest existed, and [plaintiff] concedes that defendants did not learn of any intervening facts between arrest and initiation of prosecution to undermine that probable cause, claims of malicious prosecution cannot survive."); *Dukes*, 879 F. Supp. at 342.

### C. Denial of Fair Trial

To state a claim for violation of the right to a fair trial, a plaintiff must allege that an officer: (i) intentionally fabricated information; (ii) that was likely to influence a jury's verdict; (iii) forwarded that information to prosecutors, and (iv) plaintiff suffered a deprivation of liberty as a result. *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

Plaintiff's allegation that Officer Wintermute made "false statements" when he reported that she "possessed a forged instrument with knowledge that the instrument was forged and with intent to defraud, deceive and injure another," Compl ¶ 52, is conclusory and wholly unsupported. As noted *supra,* the Complaint itself concedes that the VIN on Plaintiff's registration did not match the VIN on her vehicle, Compl. ¶¶ 28, 32, 51, and Plaintiff alleges no facts to suggest that Officer Wintermute reported anything more than that undisputed reality. Moreover, Plaintiff's belief that "it was unreasonable for [Officer Wintermute] not to investigate whether there was some innocent explanation," Pl. Opp., Dkt. 40 at 18, in no way leads to the conclusion that Defendant intentionally fabricated information. Accordingly, Plaintiff fails to state a claim for denial of the right to a fair trial.

### D. Violation of Due Process

The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

Plaintiff alleges that her Fourteenth Amendment due process rights were violated when she was denied a phone call at the precinct following her arrest. Compl. ¶¶ 62-69. Specifically, Plaintiff alleges that the denial of a phone call violated New York Criminal Procedure Law § 140.20(7), which, according to Plaintiff, creates a liberty interest protected by the federal Constitution.[6] Pl. Opp., Dkt. 40 at 12-15. The Court disagrees. State rules of criminal procedure such as § 140.20 do "not create a liberty interest that is entitled to protection under the federal Constitution." *Watson v. City of New York*, 92 F.3d 31, 37-38 (2d Cir. 1996) (holding that New York Criminal Procedure Law § 140.20(1) does not create a liberty interest that is entitled to protection under the federal Constitution, and reasoning that "[c]onstitutionalizing every state procedural right would stand any due process analysis on its head"); *Pugliese v. Nelson*, 617 F.2d 916, 924 (2d Cir. 1980) ("'Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural requirements.'") (quoting *Cofone v. Manson*, 594 F.2d 934, 938 (2d Cir. 1979)); *Soberanis v. City of New York*, 244 F. Supp. 3d 395, 400–01 (S.D.N.Y. 2017) (holding that while a delay in arraignment in

---

[6] New York Criminal Procedure Law § 140.20(7) provides:

> Upon arresting a person, other than a juvenile offender, for any offense without a warrant, a police officer shall, upon the arrested person's request, permit him or her to communicate by telephone provided by the law enforcement facility where the defendant is held to a phone number located in the United States or Puerto Rico, for the purposes of obtaining counsel and informing a relative or friend that he or she has been arrested, unless granting the call will compromise an ongoing investigation or the prosecution of the defendant.

violation of § 120.90(1) may "constitute a statutory violation of state criminal law, it does not result in a federal constitutional claim."); *Pesola v. City of New York*, No. 15-CV-1917, 2016 WL 1267797, at *9 (S.D.N.Y. Mar. 30, 2016) ("The Second Circuit has explicitly held that N.Y. CPL § 140.20, like other state rules of criminal procedure, 'does not create a liberty interest that is entitled to protection under [ ] the federal Constitution.'") (quoting *Watson*, 92 F.3d at 38). Accordingly, Plaintiff's due process claim premised on the violation of New York Criminal Procedure Law § 140.20 is dismissed.

### E. State Law Claims

A district court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Here, the Court has dismissed all of Plaintiff's federal law claims and declines to exercise jurisdiction over Plaintiff's remaining state law claims. *See* Compl. ¶¶ 77-101; *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (noting that the exercise of supplemental jurisdiction is "permissive rather than mandatory."); *Langer v. Town of Trumball*, 34 F. App'x 816, 817 (2d Cir. 2002) ("Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline jurisdiction over pendent state law claims when all the claims conferring federal jurisdiction have been dismissed.").

## CONCLUSION

For the foregoing reasons Defendants' motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully directed to close the open motion at docket entry 30.

No later than **May 21, 2021**, Plaintiff must move for an Inquest to determine the amount of damages owed by Defendant Gordon's Auto Sales LLC. *See* Fed. R. Civ. P. 55(b)(2)(B).

**SO ORDERED.**

Date: April 29, 2021
New York, New York

_____
VALERIE CAPRONI
United States District Judge