UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
ZAHIRAH MEDINA,                                              :
                                                             :
                              Plaintiff,                     :
                                                             :
              -against-                                      :
                                                             :
THE CITY OF NEW YORK, GORDON'S                               :
AUTO SALES, LLC, New York City Police                        :
Department Officer CHRISTOPHER                               :
WINTERMUTE Shield No. 3805, and Police                       :
Officers JOHN DOES 1, 2, 3, etc. (the name                   :
John Doe being fictitious as the true names of               :
said officers are currently not known), all of               :
whom are sued in their individual capacities,                :
                                                             :
                              Defendants.                    :
------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/2022
```

20-CV-797 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff Zahirah Medina filed a complaint against the City of New York, Police Officer Christopher Wintermute, and Gordon's Auto Sales, LLC ("Gordon's"), alleging violations of 42 U.S.C. § 1983 and New York state law stemming from Ms. Medina's arrest on August 3, 2018, *see generally* Compl., Dkt. 1;

WHEREAS the Court dismissed all claims against the City and Wintermute, leaving Gordon's as the only defendant, *see* Op. & Order, Dkt. 53;

WHEREAS Gordon's failed to answer the complaint or otherwise appear in the case;

WHEREAS on November 5, 2020, the Court ordered Plaintiff to apply for default judgment against Gordon's by December 7, 2020, *see* Order, Dkt. 39;

WHEREAS on November 25, 2020, Plaintiff applied for default judgment against Gordon's, *see* Dkts. 44–45, 47–49;

WHEREAS the same day, the Clerk of Court entered a Certificate of Default against Gordon's, *see* Dkt. 46;

WHEREAS on December 4, 2020, the Court ordered Gordon's to show cause on January 15, 2021, why Plaintiff should not be entitled to default judgement, *see* Order, Dkt. 50;

WHEREAS Defendant Gordon's failed to appear at the January 15, 2021 hearing;

WHEREAS on January 15, 2021, the Court entered default judgment against Gordon's, *see* Judgment, Dkt. 52;

WHEREAS on April 29, 2021, the Court directed Plaintiff to move for an inquest to determine the damages owed by Gordon's, *see* Op. & Order, Dkt. 53 at 12; *see also* Dkts. 55, 57;

WHEREAS on June 18, 2021, Plaintiff moved for a damages inquest against Gordon's, *see* Dkts. 59–61;

WHEREAS on June 20, 2021, the Court referred the damages inquest to Magistrate Judge Cave for the preparation of a report and recommendation ("R&R"), *see* Am. Order, Dkt. 62;

WHEREAS Gordon's failed to timely respond to Plaintiff's motion for inquest;

WHEREAS on October 21, 2021, Magistrate Judge Cave ordered that Gordon's must respond to Plaintiff's motion by November 19, 2021, *see* Order, Dkt. 64;

WHEREAS Magistrate Judge Cave further warned that, if Gordon's failed to respond to Plaintiff's motion or to contact the Court by November 19 to request an in-court hearing, Judge Cave would issue an R&R concerning damages based on Plaintiff's written submissions alone without an in-person hearing, *see id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997));

WHEREAS Gordon's failed to respond to Plaintiff's motion or contact the Court by November 19, 2021;

WHEREAS on January 12, 2022, Magistrate Judge Cave issued a R&R recommending that the Court award Ms. Medina $56,081.65 in damages against Gordon's, including: (1) $38,880.00 in compensatory damages; (2) $10,000.00 for emotional distress; (3) $5,938.10 in lost wages; and (4) costs in the amount of $1,263.55, as well as (5) post-judgment interest pursuant to 28 U.S.C. § 1961, *see* R&R, Dkt. 66 at 2;

WHEREAS in the R&R, Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *see id.* at 21;

WHEREAS Judge Cave further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *see id.* at 22;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

3

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full; the Court awards Ms. Medina $56,081.65 in damages against Defendant Gordon's Auto Sales, LLC, including: (1) $38,880.00 in compensatory damages; (2) $10,000.00 for emotional distress; (3) $5,938.10 in lost wages; and (4) costs in the amount of $1,263.55, as well as (5) post-judgment interest pursuant to 28 U.S.C. § 1961 from January 15, 2021 — the date of default judgment — until the date of Gordon's payment.

Because the R&R gave the parties adequate warning, *see* R&R at 21–22, the failure to file any objections to the R&R precludes appellate review of this decision, *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at docket entry 59 and to terminate this case. The Clerk of Court is further directed to mail a copy of this Order to: (1) Defendant Gordon's at Gordon's Auto Sales, LLC, 500 W Lanier Ave, Suite 204, Fayetteville, GA, 30214; and (2) Defendant Gordon's registered agent at Lloyd Gordon, Registered Agent: Gordon's Auto Sales, LLC, 250 Brandon Ln, Newnan, GA, 30265, and to note mailing on the docket.

**SO ORDERED.**

Date:  February 7, 2022
       New York, New York

                                                **VALERIE CAPRONI**
                                                United States District Judge